THOMAS, guardian, *vs.* PAYTON, trustee.

Where two men purchased a tract of land, using their individual funds in so doing, and having agreed, at and before the time of purchase, upon a division of it between them, and where one of them took a deed from the vendor to himself, as guardian for his children, for an undivided half interest in the land, and the other took a deed from the vendor to himself, as trustee for his wife, to an undivided half interest therein, and where they subsequently executed deeds to each other dividing the land as they had agreed to do prior to the purchase, and one of them placed improvements on the part assigned to him under this division, either of them was estopped from denying the partition or from attacking it by petition for partition. Had the money with which the purchase was made belonged to the wife or children, it might be that they could complain of the agreed division, but the father of the children could not himself, by petition for partition, undo what he had already done.

April 29, 1887.

Partition.   Vendor and Purchaser.   Trusts and Trustees. Guardian and Ward.   Estoppel.   Before Judge Bower. Dougherty Superior Court.   October Term, 1886.

The petition for partition was in the name of Henry Thomas, guardian for his children (naming them), against Edwin Payton, trustee for his wife, Caroline Payton. The deeds dividing the land were likewise so made.

D. H. Pope, by Harrison & Peeples, for plaintiff in error.

Wright & Arnheim; J. W. Walters, for defendant.

Blandford, Justice.

Thomas and Payton bought of one Welch a certain tract of land in the town of Albany. A deed was made by Welch to Thomas, as guardian for his children, to an undivided half interest in this tract of land; and Welch also made a deed to Payton, as trustee for his wife, to an undivided half interest in the same.   It appears from the evidence that Thomas and Payton, before and at the time of the purchase of the land, had agreed upon a division of it between themselves.   They paid the money individually.   It does not appear that the money belonged to anybody but themselves.   After the purchase was made and the deeds were taken, they executed deeds to each other, dividing the land as they had agreed to do prior to the purchase. Payton put some improvements on the portion of the land assigned to him under this division between himself and Thomas.   Then Thomas filed this petition for partition. Under these facts, it was left to the court to determine, and he dismissed the petition for partition; and that is the judgment complained of.

The court put his judgment on the ground that the deeds from Welch to Thomas and from Welch to Payton conveyed an absolute title to them, and did not convey title

to the children of Thomas or the wife of Peyton. However this may be, whether a right or wrong ruling as to the construction of these deeds (and we are inclined to think that the court was wrong, that the title was in Thomas as guardian, and Peyton as trustee), yet they had bought the land with their own money and agreed upon a division of it before the purchase was made, and after the purchase, they did partition it among themselves; and we think they are both estopped from denying that partition. It does not lie in their mouths to complain of it; it is their own act, and should not be set aside at the instance of either one of them. If the money with which they purchased the land had belonged to Payton's wife, or to the children of Thomas, it might be that hereafter those parties themselves could be heard to complain about that partition which the father and husband had made between themselves; but the father of the children cannot himself come in by petition for partition and undo what he had already done. And the court having dismissed this petition for partition, we think the judgment was correct.

Judgment affirmed.